IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAUREN HAWK            :
                       :       CIVIL NO. 13-1964
      v.               :
                       :
EOS CCA                :
                       :

**FILED**

MAR 1 0 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

### MEMORANDUM

**Jones, II, J.**                                           **March 7, 2014**

The matter before this court is Defendant EOS CCA'S Motion for Judgment on the Pleadings Pursuant To Fed. R. Civ. P. 12(c), which was filed on June 4, 2013. The Court heard Oral Argument on the pending Motion on February 5, 2014. For the following reasons, this Court grants Defendant's Motion.

### I. Factual Background

Plaintiff filed a one-count putative Class Action Complaint on April 12, 2013, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The gravamen of Plaintiff's Complaint is a debt collection letter she received from Defendant, which Plaintiff claims failed to effectively convey the Validation Notice required by 15 U.S.C § 1692(g). The front of the letter states, in pertinent part:

> US ASSET MANAGEMENT INC has placed your account with us for collection. This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt. If you dispute this debt, please see the reverse side of this notice for important rights.
> . . .
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
> **PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS**

The reverse side of the letter contains a Validation Notice, which states:

1

> **FEDERAL LAW**
>
> Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Plaintiff contends that, in violation of the notice of dispute requirements in 15 U.S.C. § 1692g, "Defendant obscured and overshadowed the notice by conflicting information. Defendant thus failed to effectively and clearly provide the required validation notice to Plaintiff and the Class, in violation of the FDCPA." Plaintiff argues that the Validation Notice on the back side of the collection letter is contradicted by the "misleading and confusing" language on the front side of the letter. Plaintiff argues that the language on the front of the letter—"if you dispute this debt, please see the reverse side of this notice for important rights." —is a "conditional instruction" that restricts the applicability of the Validation Notice on the Plaintiff's "dispute" of the debt. This "conditional instruction," according to Plaintiff, is misleading and creates uncertainty as to the rights of the debtor and violates the FDCPA.

## II.    Legal Standard

A party may move for judgment "after the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). In so doing, "the moving party must show that no issues of material fact exist and that judgment should be entered in its favor as a matter of law." *S.B. v. United of Omaha Life Ins. Co.*, Civ. No. 13–1463, 2013 WL 2915973, at *3 (E.D.Pa. June 13, 2013) (citations omitted). "In evaluating a Rule 12(c) motion, a court must view the pleadings in the light most favorable to, and draw all inferences in favor of, the nonmoving party." *Jablonski*, 863 F.2d at 290. The court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

### III. Discussion

Plaintiff alleges that, in violation of 15 U.S.C. §1692g(a), Defendant failed to provide effective notice to the debtor and that the notice was "overshadowed by the conditional instruction to see the reverse side of the letter". It is undisputed that the Validation Notice on the back side of the letter meets the requirements of Section 1692g(a). Nevertheless, this Court must determine whether the sentence "if you dispute this debt, see the reverse side of this notice for important rights" overshadowed the Validation Notice on the back of the letter. *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991).[1] Plaintiff argues that the language in the letter--"if you dispute this debt, see the reverse side of this notice for important rights"--is misleading to the "least sophisticated debtor" as to their rights under Section 1692(g).

Here, the bottom of the front-side of the letter states, in all caps "PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS."[2] The least sophisticated debtor, being under

---

[1] To comply with the FDCPA, a Validation Notice must "not only explicate a debtor's rights; it must do so effectively. . . the notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed. . . More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Id.* "[W]hether language in a collection letter contradicts or overshadows the validation notice is a question of law." *Wilson v. Quadramed Corp.,* 225 F.3d 350, 353, n2 (3d Cir. 2000). Such a conclusion is decided from the perspective of the "least sophisticated debtor." *Brown v. Card Service Center,* 464 F.3d 450, 453 (3d Cir. 2006).

[2] Plaintiff's reliance on *Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142 (3d Cir. 2013) is misplaced. Like the instant matter, the collection letter in *Caprio* contained a Validation Notice on the reverse side of a collection letter. Distinguishing *Caprio* from the instant matter, however, was that in *Caprio*, the front side of the collection letter contained a directive for the debtor to call a toll-free number to dispute the debt. This "please call" directive violated the FDCPA because "[a]telephone call is not a legally effective alternative for disputing the debt"--a debt must be disputed in writing. Here, there is no such command or instruction that would mislead the debtor into disregarding the Validation Notice.

Plaintiff also relies on *Graziano v. Harrison ,*950 F.2d 107, 111 (3d Cir. 1991). In *Graziano*, the collection letter threatened legal action within ten days unless the debt was paid within that time period. This language contradicted the debtor's statutory right to dispute the debt within thirty days. Though the back of the collection letter mentioned the statutory thirty-day period consistent with §1692g, the Third Circuit held that it was reasonably probable that "the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days. Here, reading the document in its entirety, the least sophisticated debtor would not similarly be induced into overlooking any statutory rights.

3

the obligation to read the entire letter, would undoubtedly see the capitalized direction to see the reverse side of the document. There is no "condition" of disputing a debt in the all caps portion of the letter. The least sophisticated of consumers, which is "bound to read collection notices in their entirety," would understand that the Validation Rights are available to all consumers, not just those who dispute the debt. *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citations omitted). Viewed from the perspective of the least sophisticated debtor, Plaintiff's reading of the letter is unreasonable. As such, Judgment shall be granted in favor of Defendant EOS, CCA.

## IV.   Conclusion

Defendant's Motion for Judgment on the Pleadings is granted for the foregoing reasons. The action is dismissed with prejudice. An appropriate Order follows.

---

With respect to Plaintiff's argument that the language on the front of the collection letter "overshadows" the Validation Notice on the back, Plaintiff's argument again falls short. In reaching a conclusion on an "overshadowing" claim, Courts in this district look not only to the substance of a letter, but also to the form of the letter. *Quadramed*, 225 F.3d at 361. The form of this letter would not confuse or mislead the least sophisticated debtor. The bottom of the letter states, in bold and in all caps, "PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS." That the Validation Notice is in the reverse of the letter is not, per se, misleading. *See e.g., Hoover v. Midland Credit Mgmt., Inc.*, 10-CV-06856, 2012 WL 1080117 (E.D. Pa. Mar. 30, 2012) (Upon arriving at that instruction [to see the reverse side,] the least sophisticated debtor would, in exercising a 'modicum of reasonableness' and 'basic level of understanding', . . . turn the Settlement Letter over to examine the "IMPORTANT INFORMATION" appearing on the reverse side.")(citations omitted).